John TIERNAN, Plaintiff,

v.

James BARRESI, Defendant, Third Party Plaintiff,

v.

Robert TIERNAN and Cape Breton Incinerators International, Ltd., Third Party Defendants.

Civ. No. 96–0042–B.

United States District Court, D. Maine.

Sept. 11, 1996.

Peter J. Rubin, Berstein, Shur, Sawyer & Nelson, Portland, ME, for Plaintiff and Third Party Defendants.

Richard D. Solman, Solman & Hunter, P.A., Caribou, ME, Ian Crawford, Todd & Weld, Boston, MA, for Defendant, Third Party Plaintiff.

## ORDER AND MEMORANDUM OF DECISION

BRODY, District Judge.

This declaratory judgment suit was filed by Plaintiff, John Tiernan, owner and sole stockholder of Matane Corporation (hereinafter "Matane"), against Defendant and Third Party Plaintiff James Barresi (hereinafter "Barresi"). At issue is whether or not an option to purchase shares of Matane was granted to Barresi. Plaintiff seeks a declaratory judgment that, contrary to Barresi's allegation, such an option was never granted. Barresi filed a Counterclaim against John Tiernan alleging breach of the alleged option contract (Count 1); breach of an agreement to undertake no action which would adversely affect Matane's business and breach of a related agreement not to violate a commitment of good faith and fair dealing toward Barresi (Count 2); and breach of Plaintiff's fiduciary duty toward the corporation (Count 3).

Barresi also filed a Third Party Complaint pursuant to Rule 14 of the Federal Rules of Civil Procedure against Third Party Defendants Robert Tiernan and his company Cape

Breton Incinerators International, Ltd (hereinafter "CBIIL"). The Third Party Complaint alleges that Robert Tiernan breached the fiduciary duty which he owes to Matane as one of its directors (Count 1) and requests that the Court enjoin CBIIL from bidding on a project in Canada and, also, enjoin CBIIL from using any patents or technology acquired from Matane (Count 2).

The Court addresses the following three currently pending motions. In the first motion, John Tiernan moves for dismissal of Barresi's claim that Plaintiff violated his fiduciary duty to Matane (Count 3 of the Counterclaim). The second motion, filed by Third Party Defendants Robert Tiernan and CBIIL, requests dismissal of the Third Party Complaint. The third is a motion by Barresi to amend his Counterclaim and Third Party Complaint. The Court hereby dismisses the breach of fiduciary duty claims (Count 3 of the Counterclaim and Count 1 of the Third Party Complaint) and grants Barresi's Motion to Amend.

## I. Background

This controversy revolves around certain patent rights held by Matane, a Maine corporation, with a principal place of business in Castle Hill, Maine. Matane holds patent rights for the design of incinerators. Plaintiff, John Tiernan, filed this federal declaratory judgment action against Defendant, Barresi, based on diversity jurisdiction. In his complaint, Plaintiff claims that on October 18, 1995, Barresi and John Tiernan met regarding the future of Matane (hereinafter designated as the "October meeting"). During this meeting, the parties discussed the potential sale of all Matane stock to Barresi. Plaintiff claims that this meeting concluded without a contractual agreement to sell the corporation. Plaintiff subsequently sent letters to Barresi setting forth terms for the proposed stock transfer from Plaintiff to Barresi. Upon receiving these letters, Barresi accused John Tiernan of attempting to renege on the oral agreement which they purportedly reached in the October meeting. John Tiernan sent further correspondence to Barresi stating that no such agreement existed and, further, that Matane's patent rights would be conveyed to a third party, with a licence to use the patent rights conveyed back to Matane.

John Tiernan claims that no meeting of the minds occurred at the October meeting, there was no discussion of any consideration offered by Barresi in exchange for the option to purchase the stock in Matane, and, hence, no contract exists between the parties.

In his Counterclaim and Third Party Complaint, Barresi asserts that a binding contract was reached between the parties at the October meeting. Barresi claims that, since 1991, he has, pursuant to various agreements with John Tiernan, provided funding to Matane while at the same time serving as the company's executive director. Barresi states that he provided Matane with over 400,000 dollars, which allowed the corporation to continue its business. Additionally, Barresi claims that, during the October meeting, John Tiernan offered to convey to Barresi the rights to all patents owned by Matane as well as all other assets and stock in the corporation in return for payment by Barresi of the outstanding notes, plus interest, owed by Matane to John Tiernan. Barresi states that he also agreed to continue his operation and further funding of Matane.

Barresi further asserts that during 1994, Robert Tiernan, John Tiernan's son, helped form CBIIL, a Canadian corporation, and became a principal in that corporation. Barresi states that Robert Tiernan has been on Matane's board of directors since 1991 and that John and Robert Tiernan have worked in concert in an attempt to transfer Matane's patent rights to CBIIL. On November 29, 1995, Barresi was first informed about John Tiernan's attempt to transfer Matane's patents to CBIIL. Barresi alleges that Matane's U.S. and Canadian incinerator patents are now, or will soon be, transferred to CBIIL and that CBIIL will use this technology to bid on a large incineration project in Nova Scotia.

Pursuant to the alleged agreement reached at the October meeting, Barresi offered to buy Matane on April 18, 1996. John Tiernan rejected the offer, on the grounds that no option contract existed between the parties. Barresi claims that if CBIIL, a competitor of Matane, is allowed to obtain Matane's patent

rights and technology, the value of Matane will be considerably decreased, and requests legal relief accordingly.

## II. Motion to Dismiss

The Court will grant a motion to dismiss in the absence of a genuine issue of material fact, when the moving party is entitled to a judgment as a matter of law. The Court will accept all well-pled facts asserted by Defendant as true, and will draw all reasonable inferences therefrom in Defendant's favor. *See, e.g., McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 276, 96 S.Ct. 2574, 2576, 49 L.Ed.2d 493 (1976); and *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir.1989). Only if the complaint in question presents no set of facts justifying recovery will the Court grant a motion to dismiss. *See, e.g., The Dartmouth Review,* 889 F.2d at 16 (citing *Conley v. Gibson,* 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957)). The Court will, therefore, assume all facts in the light most favorable to Barresi.

## III. Breach of Fiduciary Duty

In Count 3 of the Counterclaim and Count 2 of the Third Party Complaint, Barresi claims that both John and Robert Tiernan breached their fiduciary duty of good faith and fair dealing owed to Matane as directors of the corporation. This breach allegedly arises from participation by both Matane directors in the formation of CBIIL and in their clandestine attempt to transfer, without consideration, the Matane incinerator patents and technology to a direct competitor. For the purpose of these motions, the Court will accept arguendo Barresi's assertion that this transfer and all related transactions between Matane and CBIIL were undertaken in bad faith by the colluding Tiernan father and son, with full knowledge that their actions would harm both the corporation and Barresi. The issue is to whom do corporate directors owe a fiduciary duty? In this case, the Court must decide whether Barresi has standing to bring a cause of action against John and Robert Tiernan for their mismanagement, even though he is not a stockholder in the corporation.

The Maine Business Corporation Act states that:

> ... directors and officers of a corporation shall exercise their powers and discharge their duties in good faith with a view to the interests of the corporation and of the shareholders and with that degree of diligence, care and skill which ordinarily prudent men would exercise under similar circumstances in like positions.

13–A M.R.S.A. § 716 (Duty of Directors and Officers). This provision expressly creates a duty on the part of the directors and officers of a corporation to act in good faith toward the corporation and the shareholders. Barresi can be characterized as a creditor, an employee, and the purported holder of an option contract to purchase the shares of the corporation. All parties to this action agree that there is no Maine statutory or case law which indicates that a person falling within any of these categories has a cause of action against corporate directors for breach of their fiduciary duty to the corporation.[1] Many jurisdictions have specifically determined that such a cause of action does not run to parties such as creditors. *See, e.g., In re International Resorts, Inc.,* 46 B.R. 405, 416 (N.D.Ala.1984) ("Such an act or transfer may be voidable by the corporation and its stockholders but not by a creditor. This is because corporate directors, officers and agents owe a fiduciary duty to the corporation but not to the creditors."). *Devereux v. Berger,* 264 Md. 20, 31, 284 A.2d 605, 611 (1971). It is clear under Maine law that a party who is not a shareholder has no standing to litigate a breach of fiduciary duty claim against corporate directors.

A lengthy discussion of the merits and ramifications of expanding the fiduciary duty owed by corporate directors and officers is unnecessary here. This Court declines to create—or allow for the first time—a cause of action which would expand the law beyond the clear meaning of the statute. Such ac-

---

1. For the purpose of these two motions, the Court assumes that the October meeting did in fact create an agreement between John Tiernan and Barresi as well as the fact that John and Robert Tiernan did breach their fiduciary duty to Matane.

**38**

tion is properly within the purview of the legislative not the judicial branch of government. Barresi, who is not a shareholder of Matane, has no standing to claim a breach of the fiduciary duty of Matane's directors, John and Robert Tiernan.

In Barresi's Opposition to the Motion to Dismiss, Defendant asserts that he is the *de facto* stockholder of Matane. For all of the reasons discussed above, the Court holds that a "*de facto* stockholder" has no standing to sue corporate officers and directors for breach of their fiduciary duty. A *de facto* stockholder does not obtain standing by reason of its claimed *de facto* status.

Count 3 of the Counterclaim and Count I of the Third Party Complaint are hereby dismissed.

### IV. Motion to Amend

Barresi's Motion to Amend his Counterclaim and Third Party Complaint is granted. Leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure is liberally granted in the absence of any showing of undue delay or bad faith on the part of the movant. *See, e.g., Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); and *Benitez–Allende v. Alcan Aluminio Do Brasil, S.A.,* 857 F.2d 26, 36 (1st Cir.1988), *cert. denied* 489 U.S. 1018, 109 S.Ct. 1135, 103 L.Ed.2d 196 (1989). In this case, the Motion to Amend was filed prior to the expiration of the discovery deadlines or the deadline for filing of all motions. The Court reserves decision on the merits of the claims alleged in the Amended Counterclaim and Third Party Complaint. Following filing of responsive pleadings and appropriate discovery, the Court will address the merits of the remaining claims upon appropriate motion by the parties.

The parties are requested by the Court to agree on and file an Amended Scheduling Order with the Court within 10 days. If no such agreement can be reached, the parties are to initiate a telephone conference with the Court to resolve any scheduling issues.

The issues raised in Third Party Defendants' Motion to Dismiss remain under advisement with the Court pending responsive pleadings and discovery on the issues raised in the Amended Counterclaim and Third Party Complaint.

(1) Plaintiff's Motion to Dismiss Count 3 of Defendants Counterclaim is granted;

(2) Third Party Defendants' Motion to Dismiss Count 1 of Third Party Plaintiff's Third Party Complaint is granted; and

(3) Defendant/Third Party Plaintiff's Motion to Amend is granted.

*SO ORDERED.*